### 24902. MASSEY v. BRITT.

NICHOLS, Justice. In 1930 W. B. Hopson and R. H. Massey each acquired a one-half undivided interest in a tract of land in Gwinnett County which they divided into two tracts in 1939. In the deed from Massey to Hopson, wherein he deeded his one-half undivided interest in a part of the tract to Hopson, it was stated with reference to a spring located near the dividing line but on the part of the property retained by Massey: "It is understood and agreed by and between the grantor and grantee herein that as a covenant running with the property the grantee and his heirs and assigns can get water from the spring, but not water stock at the spring, as the spring must be kept clean." The property retained by Massey is still owned by him but the Hopson property has changed hands from time to time and is now owned by Morris Britt who filed the present action seeking to enjoin Massey from interfering with his right to obtain water from such spring by laying pipe across the defendant's land, a distance of approximately seventy-five feet, to the spring, which pipes it is alleged would in no way injure or damage the defendant's property. The evidence showed that when the property was divided both owners "toted" water from the spring but that the defendant Massey has since installed a pipe and pumps water from such spring to his residence. *Held:*

The plaintiff admittedly had a right to obtain such water and the sole contention of the defendant is that he must continue to use a bucket and may not install a pipe. "One who grants a thing is deemed also to grant that, within his ownership, without which the grant itself would be of no effect." *Muscogee Mfg. Co. v. Eagle & Phenix Mills,* 126 Ga. 210 (8) (54 SE 1028, 7 LRA (NS) 1139). See also *Davison v. Reynolds,* 150 Ga. 182 (103 SE 248). The order of the trial court enjoining the defendant from interfering with the installation of a pipe by the plaintiff and the same judgment limiting the

amount of water which the plaintiff could remove from the spring was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Mobley, J., who dissents.*

SUBMITTED OCTOBER 15, 1968—DECIDED NOVEMBER 7, 1968.

*Philip T. Keen,* for appellant.

*Stark & Stark, Homer M. Stark,* for appellee.

MOBLEY, Justice, dissenting. It is my opinion that the principle, "One who grants a thing is deemed also to grant that, within his ownership, without which the grant itself would be of no effect," from *Muscogee Mfg. Co. v. Eagle & Phenix Mills,* 126 Ga. 210 (8), supra, relied upon by the majority, is not applicable to the facts of this case. It appears from the evidence that at the time the covenant was granted the water was "toted" in buckets from the spring by both the grantor and the grantee, and that the assignees of the grantee have continued to use the water by this method. To fail to allow the plaintiff to place a pipe over the defendant's land would not, therefore, deny him "that . . . without which the grant itself would be of no effect."

Further language in Headnote 8 of *Muscogee Mfg. Co. v. Eagle & Phenix Mills,* supra, is applicable in the present case, as follows: "But this rule applies only to such things as are incident to the grant and directly necessary to the enjoyment of the thing granted." Since the covenant could be exercised without the placing of a pipe over the defendant's property, it is my view that it was error to grant an injunction enjoining the defendant from interfering with the installation of a pipe by the plaintiff.